UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCHESTER LUMBER COMPANY,

                                Plaintiff-Appellee,

                                                          DECISION AND ORDER

                                                          10-CV-6490L

                         v.

MICHAEL G. MILLNER,

                                Defendant-Appellant.

_____

       This is an appeal from the July 13, 2010 decision of United States Bankruptcy Judge John C. Ninfo, II (Dkt. #2-12).  In that decision and order, Judge Ninfo determined, inter alia, that in debtor Michael G. Millner's ("Millner") Chapter 7 bankruptcy case, an existing money judgment against Millner and in favor of Rochester Lumber Company ("RLC") was a non-dischargeable debt.

       Judge Ninfo's decision was entered after he conducted a hearing in an adversary proceeding brought by the creditor, RLC.  RLC contended that the judgment is nondischargeable pursuant to §523 of the Bankruptcy Code, because its factual basis was Miller's diversion of building loan funds in violation of New York Lien Law Article 3-A, which constituted larceny or fraud.  *See* 11 U.S.C. § 523(a)(2) and (4); N.Y. Lien Law Art. 3-A.

       RLC moved for partial summary judgment for a determination that Millner's debt of $112,493.81 to RLC was nondischargeable.  Judge Ninfo granted RLC's motion for partial summary judgment, determined that Millner's debt was nondischargeable, and found  that RLC was entitled to judgment in its individual capacity (not in a representative capacity on behalf of trust beneficiaries) in the requested amount, minus accrued finance charges and mortgage interest

payments made by Millner.  After a final hearing on August 9, 2010, the parties stipulated that the amount of the net trust fund diversion was $48,266.78.

Issues addressed by Judge Ninfo in deciding RLC's motion for partial summary judgment included whether the adversary proceeding was defective, because it had been commenced by RLC to enforce its own rights under a trust fund, rather than in a representative capacity on behalf of all of the trust fund beneficiaries, as prescribed by N.Y. Lien Law Art. 3-A, Section 77(1) ("Section 77") for actions to enforce such trusts.

On appeal, Millner argues that because the action was not properly commenced under Section 77, a further hearing is necessary in order to allow any other trust fund beneficiaries to intervene, appear and assert any claims they might have against Millner, whereupon they would be entitled to a pro rata share of the recovery against Millner by RLC.  RLC argues, and Judge Ninfo decided, that the action is not governed by the requirements of Section 77, because the proceeding is not one to enforce a trust, but rather to determine whether a debt to a creditor should be declared nondischargeable on the grounds of fraud and/or larceny, under the provisions of 11 U.S.C. §523(a)(4).

I have carefully reviewed the briefs filed with the Bankruptcy Court and here on appeal, and I reach the same conclusions as Judge Ninfo.  The Bankruptcy Court's decision is thus affirmed.

The applicable standards of review are well settled.  A bankruptcy court's factual findings are accepted unless clearly erroneous.  Fed. R. Bankr. Proc. 8013.  However, in reviewing a grant of summary judgment, the bankruptcy court's conclusions of law are reviewed *de novo*, because the determination that there are no material questions of fact is essentially a legal conclusion.  *See In re Assoc. of Graphic Commc'ns, Inc.*, 2011 U.S. Dist. LEXIS 35702 at *2 (S.D.N.Y. 2011).

It is undisputed that the indebtedness at issue arose after Millner, a general contractor, diverted trust funds from a statutory trust created pursuant to N.Y. Lien Law Article 3-A (the "Trust").  The statute requires such funds to be held by a home improvement contractor for the benefit of materialmen and others involved in a real property improvement project.  Rochester

Lumber, a Trust beneficiary which had supplied building materials to Millner for which it was not paid, ultimately brought an action against Millner in New York State Supreme Court, Monroe County, and was awarded a money judgment against Millner in the amount of $272,014.68 on June 20, 2007.

Millner argues that the Bankruptcy Court adversary proceeding by RLC is actually an action to enforce the Trust pursuant to the New York Lien Law, Section 77, and claims that it is defective because it does not comply with  Section 77's requirements for an action to enforce a trust.

I disagree.  I find that the adversary proceeding focused on whether the judgment against Millner was dischargeable in bankruptcy on the basis of fraud or larceny.  *See Kovalsky-Carr Elec. Supply Co. v. Young*, 313 B.R. 555, 560 (W.D.N.Y. 2004) (adversary proceeding brought pursuant to 11 U.S.C. §523(a)(4), by a trust fund beneficiary with an enforceable right to payment such as a state court judgment, arises under the federal statute and is not subject to Section 77 requirements). *See generally* 11 U.S.C. §523(a)(4) (bankruptcy discharge does not apply to a debt arising from larceny); N.Y. Lien Law §79-a (diversion of Art. 3-A trust funds constitutes larceny, punishable by penal law).

Millner's contention that the adversary proceeding arises under Section 77of the Lien Law is not persuasive, and he points to no legal authority that would extend that section's provisions in a proceeding to determine the dischargeability of a debt (in the form of an enforceable money judgment) on grounds of larceny and/or fraud in an adversary proceeding arising under 11 U.S.C. §523(a)(4).  The cases upon which he relies concern matters explicitly brought pursuant to Section 77, or which are otherwise  inapposite.

I therefore reach the same conclusion as Judge Ninfo: that the underlying action in Bankruptcy Court is not one for enforcement of a trust under Section 77, and is therefore not required to be brought in a representative capacity.  There is no basis for reversal here.

**CONCLUSION**

The decision of United States Bankruptcy Judge John C. Ninfo, II finding that the underlying action was not required to be brought in a representative capacity and that Rochester Lumber Company is entitled to an order that Michael Millner's indebtedness to it is a non-dischargeable debt, is in all respects affirmed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 29, 2011.

- 4 -